DAVID N. KELLEY
United States Attorney for the
Southern District of New York
By: RUSSELL M. YANKWITT (RY-6487)
Assistant United States Attorney
86 Chambers Street - 3rd Floor
New York, New York  10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2676

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA,        :
                                 :    STIPULATION AND ORDER OF
              Plaintiff,         :    SETTLEMENT AND DISMISSAL
                                 :
       - against -               :    05 Civ. 6229 (SAS)
                                 :
JEFFREY D. GRANT,                :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - x

     WHEREAS, the United States, by its attorney DAVID N. KELLEY, United States Attorney for the Southern District of New York, filed a Complaint against defendant Jeffrey D. Grant, under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), and the Small Business Administration Act, 15 U.S.C. §§ 633-636, alleging, <u>inter alia</u>, that defendant knowingly presented to the United States false or fraudulent claims for payment by the United States Small Business Administration (the "SBA") in connection with an Economic Injury Disaster Loan (the "EIDL") that defendant received after the terrorist attacks in New York City on September 11, 2001;

     WHEREAS, the Complaint also alleges, alternatively, that the United States is entitled to recover monies improperly paid to defendant under the common-law theories of fraud and unjust

enrichment;

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") covers all of the claims and/or conduct alleged in the Complaint (the "Covered Conduct");

WHEREAS, to avoid the delay, expense, uncertainty and inconvenience of protracted litigation, the United States and defendant desire to reach a full and final compromise and resolution of this action;

WHEREAS, defendant does not admit any wrongdoing or liability under the False Claims Act and/or the common law;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings, and commitments hereinafter set forth, do hereby covenant and agree as follows:

1. The parties hereto consent to this Court's exercise of personal jurisdiction over each of them.

2. Defendant agrees to the entry of a judgment (in the form attached hereto) against him and in favor of the United States, in full compromise and satisfaction of the allegations set forth in the Complaint, for the sum of three hundred thousand dollars ($300,000.00) (the "Settlement Amount"). This Settlement Amount shall constitute a debt due and owing upon entry of this Stipulation and Order by the Court and is to be discharged by payment to the United States under the following terms and conditions:

   a. Defendant shall pay $179,000 to the United States within 2 days of execution of the settlement agreement. Such

payment will consist primarily of the assignment of a referral free from defendant to the United States.

b. Defendant shall pay to the United States $1,440.48 per month beginning on December 1, 2005, and thereafter on the first of each month thereafter for seven (7) years, until November 1, 2012, or earlier, if defendant pays the entire Settlement Amount;

c. In addition to those amounts set forth in Paragraph 2(a)-(b), the Settlement Amount will be increased proportionally to the total sum of $400,000 if defendant's income exceeds more than $200,000 annually at any time before January 2012. In that event, on April 15, 2006 and annually thereafter, defendant shall pay the following additional amounts: 8% of his aggregate annual gross income to the extent that it is between $200,000 and $399,999; 13% of his aggregate annual gross income to the extent that it is between $400,000 and $599,999; 23% of his aggregate annual gross income to the extent that it is between $600,000 and $6,999,999; and 31% of his aggregate annual gross income to the extent that it exceeds $7000,000.

(d) "Gross income" as defined in this Paragraph 2 shall mean income as defined in section 61 of the Internal Revenue Code, and shall include income earned directly or indirectly by defendant, whether or not paid in full to defendant, as well as income of currently existing or future existing partnerships, companies or entities in which defendant has an interest.

3. Payments pursuant to this Paragraph 2 that exceed $50,000 shall be made by electronic transfer pursuant to instructions to be provided to defendants' counsel by the United States Attorneys's Office for the Southern District of New York. Payments that are less than $50,000 shall be made by electronic transfer or certified or cashier's check payable to the "United States Treasury" and delivered to the United States Attorney's Office, 86 Chambers Street, New York, New York 10007; Attention: Financial Litigation Unit, by personal delivery or regular mail.

4. Defendant shall be in default of this Stipulation and Order if he fails to make the payments set forth in Paragraph 2 on or before the due date of each payment. Defendant will have an opportunity to cure such default within ten (10) business days of the payment due date. If defendant fails to comply with the payment obligations set forth in Paragraph 2, defendant shall pay interest at the rate of 12% per annum, compounded daily, on any balance of the Settlement Amount that remains unpaid, such interest to begin accruing on December 15, 2005 and until such time as defendant fully complies with the payment obligations set forth in Paragraph 2. Any such interest shall be added and deemed to be part of the Settlement Amount as defined and used herein. Furthermore, if defendant fails to comply with the payment obligations set forth in Paragraph 2, the remaining unpaid balance of the Settlement Amount shall become immediately

due and payable, and the United States may exercise all statutory, common law, or equitable rights to collect such outstanding balance of the Settlement Amount, including offsetting funds owed to defendant by the United States. Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. The United States shall be entitled to an award of reasonable costs and attorney's fees in connection with its collection efforts.

5.  In consideration of the obligations of defendant set forth in this Stipulation and Order, conditioned upon defendant's payment of the Settlement Amount in full pursuant to Paragraph 2, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release defendant from any civil or administrative monetary claim the United States has or may have under the False Claims Act, 31 U.S.C. §§ 3729-3733, Small Business Administration Act, 15 U.S.C. §§ 633-636, or under the common law theories of unjust enrichment, fraud, restitution, constructive trust or breach of contract based on the Covered Conduct. The United States specifically reserves and excludes from the scope and terms of this Stipulation and Order any liability to the United States (or its agencies) for any conduct other than the Covered Conduct, including any civil, criminal, or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code).

6. Defendant has provided sworn financial disclosure statements and other financial information ("Financial Statements") to the United States, and the United States has relied on the accuracy and completeness of those Financial Statements in agreeing to this Stipulation and Order.  Defendant warrants that the Financial Statements are thorough, accurate, and complete.  Defendant further warrants that he does not own or have an interest in any assets which have not been disclosed in the Financial Statements, and that he has made no misrepresentations on, or in connection with, the Financial Statements.  In the event the United States learns of: (a) asset(s) in which defendant had an interest at the time of this Stipulation and Order that would change the estimated net worth of defendant set forth in the Financial Statements by ten thousand dollars ($10,000) or more, and which were not disclosed in such Financial Statements; or (b) a misrepresentation by defendant on, or in connection with, the Financial Statements, and in the event such non-disclosure or misrepresentation changes the estimated net worth of defendant set forth on the Financial Statements by ten thousand dollars ($10,000) or more; the United States may at its option: (i) rescind this Stipulation and Order and reinstate its Complaint in this action; or (ii) let the Stipulation and Order stand and collect the full Settlement Amount by executing on the Judgment, to which will automatically be added two hundred percent (200%) of the value of the net worth of defendant previously undisclosed or concealed or dissipated,

if such latter amounts can be determined.  This additional amount, however, shall not exceed $100,000.  To the extent that the Government discovers the occurrence of an event(s) encompassed by subparts (a) through (b) of this Paragraph, defendant agrees not to contest any collection action undertaken by the United States pursuant to this provision.

7. Defendant shall submit to the United States Attorney's Office, Southern District of New York, financial statements signed under penalty of perjury, verifying defendant's monthly and annual gross income every two years in the form attached hereto.  In addition, defendant shall submit signed copies of his federal income tax return to the United States Attorney's Office on the date that they are filed with the Internal Revenue Service.

8. In the event that the United States, pursuant to Paragraph 5, above, opts to rescind this Stipulation and Order, defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which: (a) are reinstated or filed by the United States within thirty calendar days of written notification to defendant that this Stipulation and Order has been rescinded; and (b) relate to the Covered Conduct, except to the extent these defenses were available on the date that the Complaint in this action was filed.

9. In the event defendant commences, or a third party

-7-

commences, within 91 days of any payment under this Stipulation and Order, any case, proceeding, or other action: (a) under any law relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have any order for relief of defendant's debts, or seeking to adjudicate defendant as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian or other similar official for defendant, defendant agrees as follows:

    a.    Defendant will not argue or otherwise take the position in any such case, proceeding or action that: (i) defendant's obligations under this Stipulation and Order may be avoided under 11 U.S.C. § 547; (ii) defendant was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to defendant.

    b. In the event that defendant's obligations here under are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance power under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Stipulation and Order, and bring any civil and/or administrative claim, action or proceeding against defendant, upon the underlying claims described in the Complaint.

If the United States chooses to do so, defendant agrees that:

(i) defendant will not argue or otherwise contend that the United States' claims, actions or proceedings are subject to an automatic stay pursuant to 11 U.S. C. § 362 (a); (ii) defendant will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceeding which are brought by the United States within thirty calendar days of written notification to Defendant that the releases herein have been rescinded pursuant to this Paragraph, expect tot he extent such defenses were available on the date of entry of the Stipulation and Order; and (iii) the United States has a valid claim in bankruptcy against Defendant in the amount of $300,000 plus $11,000 penalty for each false claim, and the United States may pursue its claim, _inter alia_, in the case, action or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      c.    Defendant acknowledges that his agreements in the Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

11. Each party to this Stipulation and Order will bear his or its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation and Order.

12. This Stipulation and Order is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Stipulation and Order will be the United States District Court for the Southern District of New York.

13. This Stipulation and Order constitutes the complete agreement between the Parties. This Stipulation and Order may not be amended expect by written consent of the Parties.

14. The undersigned individuals signing this Stipulation and Order on behalf of defendant represent the warrant that they are authorized by defendant to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity.

15. This Stipulation and Order may be executed in counterparts, each of which constitutes and original and all of which constitute one and the same agreement.

16. This Stipulation and Order is effective on its date of entry by the Court.

Dated:    New York, New York
           June 21, 2005

                            DAVID N. KELLY
                            United States Attorney for the
                            Southern District of New York
                            Attorney for Plaintiff

By:   _____
       RUSSELL M. YANKWITT (RY-6487)
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2745
       Facsimile: (212) 637-2686

Dated:    New York, New York
           June 23, 2005

                            CLAYMAN & ROSENBERG
                            Attorneys for the Defendant

By:   _____
       SETH L. ROSENBERG (SR-4563)
       305 Madison Avenue
       New York, New York 10165
       Telephone: (212) 922-1080

Dated:    New York, New York
           June 22, 2005

                            _____
                            JEFFREY D. GRANT

So Ordered:

_____
Shira A. Scheindlin
U.S.D.J.

-11-